May it please the Court. Petitioner concedes, Respondent's point, that a violation of California Penal Code Section 459-460B is not a categorical match to the generic crime of attempted theft. However, the addition of 460B to this offense does not provide any alternative elements, and in this sense it's a distinction without a difference, and does not make this offense divisible. DECOMP controls this matter as a reaffirmation of the Taylor-Shepard categorical analysis, and Petitioner's matter raises the same concerns. First, this the question of whether my client's offense is the aggravated felony of attempt is not properly before this Court, since the immigration judge acted ultra-virous in charging the Petitioner with a charge of removal that was not initially charged by the government. This is an issue that this Court has already decided was a departure from the judge's impartial role in Lacero v. Mukasey. Alternatively Since you're going to use up your time, you started out with the statement that 459 is not divisible. Could you walk us through your copy, I assume you have 459, and explain why you think that's the case? The Supreme Court's decision in DECOMP states that I'm asking you to look at the statute. It is pretty sweeping. It is fairly sweeping. Nonetheless DECOMP was focused on burglary. That's correct. And the predicate was that for burglary you have to have an unlawful entry, breaking and entering. That's correct. Your client was accused or convicted of attempted theft, isn't that correct? That's correct. So are you just taking DECOMP as it's stated and assuming 459 is nondivisible for all cases? The, well, yes. The analysis in DECOMP controls because the premise of DECOMP is that if there's not a categorical match between the elements of the statute with the generic Federal offense, then an immigration judge or the board cannot proceed any further with going through the record of conviction to either find the breaking and entering element or to find a substantial step for attempt. Well, it didn't, are you saying it equates categorical with divisible? Well, it prohibits going forward in and conducting a modified categorical analysis if the statute presents a set of indivisible elements. Do you have the elements of attempted theft? Well, the statute as it, the theft, Penal Code 459, theft as it existed in 1996 when my client pled, basically states every person who enters, and again, that's regardless of whether it's breaking and entering. Does attempted theft require an entry? This Court has ruled in Hernandez-Cruz v. Holder that even second degree commercial burglary, simply entering a commercial building with an intent to steal is not an attempted aggravated felony of theft. Okay, so if somebody enters a car, a vehicle in this case, and the doors are locked, and with the intent to commit theft, how does that violate the count? Well, this Court has previously reviewed that issue in Hernandez-Cruz v. Holder. However, this Court relied on Ngeith and stated that breaking and entering into a locked vehicle would constitute a substantial step. However, Ngeith itself was incorrectly decided in a post-decomp atmosphere. So Ngeith stated that 459 was not categorically an attempted theft, but de comp abrogates Ngeith from this point forward because Ngeith proceeds to conduct a modified categorical analysis to find breaking and entering from that was admission in a plea agreement and to find that that was a substantial step. De comp, now that that decision has come out, we are not allowed to go forward and conduct a modified categorical analysis. Well, that's assuming de comp applies. Let's just assume that California Appeal Code Section 459 is divisible. Just assume that it is. What's your best argument on whether your client was convicted of attempted theft? And did the BIA consider any document outside the record of conviction? Well, let's, assuming that attempt is properly before this Court, that would be presuming that the Board's decision is correct. Well, the Board relied on Snellenberger to justify their use of a modified categorical analysis. And they did look at a plea agreement, which is a part of the record of conviction. But since the Board, the Young case actually relies on Snellenberger, and the Young case, I'm sorry, rejected Snellenberger in favor of another, Malta Espinosa. So even assuming that Young is still valid, the Board relied on overturned precedent to justify a modified categorical analysis. I'm not sure I'm following that, because it looks like he pled guilty, is that right, to a version of 459 that qualifies as attempted theft. Well, by the INA, INA 101-A43U states that an aggravated felony is an attempt only if the underlying crime is an aggravated felony. So the government has said that, I'm sorry, the immigration judge in the Board said that petitioner's conviction was not a categorical match for a theft. Their and also the government's own admission has stated that 459 is not a categorical match for generic attempted theft. They admitted that in their 28J letter. So if there's no underlying aggravated felony, then per de comp, we cannot go forward and look through the record of conviction. Would you agree, though, just to clarify, that if we did get to the modified categorical analysis, that his plea said that on August 31st, 1966, in Orange County, another person and I broke into a parked, locked vehicle in order to steal contents of the vehicle, and while inside, we attempted to do so? Assuming that we can look at the plea. That would also be presuming that California Penal Code Section 459 is divisible, as the government argues. No, I'm not. We're after that. Okay? I'm not asking you to waive that argument. I'm just asking, if we were to look at the modified categorical approach, are the elements of attempted theft set forth in his statement? I believe so. Okay. Thank you. Do you want to take your time for a minute? I would. Yeah, thank you. Thank you. May it please the Court, my name is Gary Newkirk on behalf of the Attorney General. In this case, as far as decomp goes, or desk camps, if you will, the issue with the divisibility of 459 in the context of burglary is different here, because we're looking at it through a prism of theft. As a theft offense, the terms of 459 are divisible, and as Judge Fischer says, once you get to a permissible categorical analysis, modified categorical analysis, then the conviction documents in this case are pretty clear. Pretty conclusive, if you will. Sorry, I don't want to. I have an iPad, but I can't type that fast. If that one doesn't work, you can have mine, Your Honor. But as I was saying, I think that here 459 is divisible as a theft offense, and that's water over the dam in this court in terms of negate, and even as. Even though decamps often repeatedly refers to section 459 as indivisible without reference to the aggravated felony issue. Right. I think. Why aren't we bound by that? Well, because it's looking at it as a burglary offense, and here it was the disqualification for eligibility in the form of cancellation removal is an attempted theft offense, and that brings us back to negate. And even Hernandez-Cruz, which Petitioner's Counsel was referring to, gives a pretty good distinction between the issues that would come up in this context. For instance, the statute is very clear, 459 that is, to criminalize breaking into a locked vehicle, and that was the sort of critical distinction for the Hernandez-Cruz panel where they, in Hernandez-Cruz, the issue was the defendant walked into a commercial building, a commercial vehicle, and that was the issue. In this case, we have the issue of a locked vehicle that is conveniently for the government expressed in the statute, and as they indicated in Hernandez-Cruz, and in reference to your question earlier, Judge Reinhart, the attempt portion involves the intent and the substantial step, and in this case the breaking into a locked vehicle is the substantial step. The precedent of this court speaks pretty clearly to that. And I guess the only real distinction here is that between death camps and this case is that 459 is viewed as an attempted theft offense. We're not using it as a burglary offense in this case. In fact, the immigration judge in the board held that it wasn't an aggravated felony as a burglary offense. But in this case, as an attempted theft offense, the statute is pretty clear. It's a list of conveyances or buildings and then separates out with the mental state intent to commit larceny or a felony, and each of those are divisible elements. And the statute really divisible as interpreted by the California courts? I understand that in the California courts, if you're charged under the statute, you can be convicted even if part of the jury believes it's for the theft offense and part of it believes it's another felony. The conviction stands. Twelve jurors don't have to agree on what part of the statute is violated. Under that interpretation of the statute by the California courts, how can you say the statute is divisible if they treat it as integrated and interchangeable? Sure. I'm not sure that the courts do. I mean, I've looked at the California versions of it. Well, let's just assume for purposes of the question that they do. Yes, Your Honor. If they did. If they did. Yeah. Well, that would be a question for the jury, and potentially you'd have to look at exactly what the jury did. And in this case, we have the statute. But would the statute be a divisible statute before you get to anything else? Because that's really our first question, is it a divisible statute. And my question is, if the California courts treat it as a statute which can be – which the jury can look at as a single statute, where you can be convicted half under one and half under the other view, is that a divisible statute for purposes of the camp? I think it's a harder argument for purposes of death camps. I would reassert, though, that what we have here is a plea agreement where he expressly admits to certain elements of the crime. And so we don't have the issue of the jury, what the jury found. And that part of the plea agreement is clear. I will also add, though, that my reading of the jury instructions – and mind you, I'm not a criminal attorney – but they do break out. And the judge does instruct the jury on each of the felonies charged in terms of – or the predicate felonies. That is, if it's burglary, then you'll get an instruction on burglary. If it's arson, for instance, referenced in previous cases discussing this, you'll get instructions on arson. And so the jury can find that way. You know, if the jury does – if the jury is split, I'm not sure that that happens. I don't know for certain, and I'm not saying it doesn't. No, I'm just assuming. Sure, sure. I think that would be a more difficult argument. But in this case, just to bring it home, the conviction records in this case are pretty clear. In fact, there's – and this is not an issue of being unable to produce documents like the young – Well, I'm just – does it really matter? Do we ever get past the first step? I'm – yeah. I'm glad you asked that question. I think you do get past the first step because in this case, we have to find out what he's actually convicted of. And I think – and really, the first place you have to look is that plea agreement. And then you can compare that to the statute and the elements and the generic versions of theft and or burglary of whatever your analysis is. But I do think that you have to start with what he was convicted of. And there we have that plea agreement where it's written out and the elements are laid bare. Okay. All right. And I think as far as the arguments go, opposing counsel had mentioned Becker. I think that is – or opposing counsel mentioned the lodge charges versus the disqualification for eligibility. And I think that issue is pretty clear. In the government's brief, we argued Becker. I would refer the court to that. And I do think, just to sum up, that desk camps is applicable in this case, but it doesn't change the result, assuming, of course, desk camps does apply to the immigration context. I will say that the board has earlier last month heard a decision on – or had oral argument on a desk camps case. So we may have an issue before the court sometime in the future as to whether desk camps applies in the immigration context. But assuming that is the case, the board's decision is – comports with desk camps and should be sustained. And with that, we would – I have a question. One more, sure. If we deny the petition, what happens in this case? In this case, Mr. Rendon would be removed because there is a final order of removal and he's not eligible for the only form of relief he sought. Can Rendon go back to challenge the other findings of removability by the IJ? No, I don't believe so. I think that that issue has been resolved and at no point has there really been any objection or argument against those charges. Or can petitioner raise issues to the BIA that the petitioner did not raise in the 2009 appeal? Well, I don't believe so. If there's a concern about issues not raised or arguments or evidence, then we have a vehicle for that and that would be in a motion to reopen context. But I think throughout the process, petitioner has conceded removability on the CIMT charge. And with that, the government would rest on the breeze so that the panel doesn't have any additional questions. All right, thank you. So this Court has already applied DECOMP in a removal context, and we've seen that in Dueñas-Alvarez v. Holder as well as Quijada-Coronado v. Holder. And the Supreme Court's decision in Montcrieff has clearly stated that DECOMP applies in removal proceedings. With respect to the California statute of attempt, not only is it not divisible, it's also overbroad. Because the California definition That's why it's not categorical. True. True. So it punishes mere preparation. And this Court has already employed DECOMP in Gonzales-Monteroso and decided that a Delaware attempt statute was broader than the Federal generic definition because it punished mere preparation. And since a direct but ineffectual act under California law is equivalent to Delaware's overt act that in the mind of the defendant would have been a substantial step, then the California attempt is broader than the Federal attempt. And post DECOMP, then the inquiry ends there. Thank you. Thank you. Thank you, counsel. The case detergent is submitted. Next case. Sanchez v. Holder has been submitted on the briefs. Next case for oral argument is United States v. Lizarraga Espinosa.
judges: REINHARDT, FISHER, MURGUIA